## D. L. Gipson v. The State.

### No. 159.    Decided November 17, 1909.

**1.—Theft—Charge of Court—Weight of Evidence.**

Upon trial for theft of certain cotton, where the evidence raised the issue of ownership, and such ownership not being dependent alone on the fact as to how equitably the cotton theretofore raised had been divided, a charge of the court grouping the facts, and instructing the jury to determine the question of ownership by calculation, was on the weight of the evidence.

**2.—Same—Joint Ownership—Property Not Subject of Theft.**

Upon trial for theft of cotton in the open boll, where the evidence showed that the defendant was the tenant of the alleged owner, and that they had agreed to divide the cotton crop in a certain manner between them, such cotton, with the theft of which the defendant was charged, was the joint property of the defendant and his landlord, and could not be the subject of theft.

Appeal from the County Court of Wilbarger.    Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Cook & Cook,* for appellant.—On the question of joint ownership of property: Bell v. State, 7 Texas Crim. App., 25; Duren v. State, 15 Texas Crim. App., 624; Art. 865, White's Penal Code.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This was a conviction for theft of property under the value of $50.

Appellant was or had been the tenant of one Allison, and was charged with the theft of 400 pounds of cotton in the open boll of the value of five dollars.

1.    On the trial, among other things, the court instructed the jury to this effect: "In determining whether or not the cotton bolls which defendant is charged with stealing were the exclusive personal property of A. Allison, you will take into consideration how much cotton Allison had received on his rental contract previous to the alleged taking and how much defendant had received, and if you find that all the cotton Allison had received up to that time together with the amount of bolls picked up to that time was less in value than the cotton defendant had received including the bale used to pay defendant's store account with Hall and Gilbert:    Then if you so find you are instructed that the said bolls were the exclusive personal property of said A. Allison; otherwise not."    This was clearly a charge on the weight of evidence.    The question of ownership of the cotton being an issue in the case, and such ownership not being de-

pendent alone as to how equitably the cotton theretofore raised had been divided, a charge such as this, grouping the facts and instructing that the jury would determine the question by calculation, was manifest error.

Again, we feel like saying, though the case is to be reversed, that we do not believe in any event, as the matter is here presented, that a conviction for theft could be sustained. The evidence shows that these cotton bolls were raised on land owned by Allison, which had been rented to appellant on shares, the contract being that the proceeds of the cotton were to be divided equally between them. There had not been, as we gather from the record, a settlement between the parties. These particular bolls, it is claimed, were picked and piled on the ground by an employe of Allison without defendant's consent or knowledge. Allison states that in the summer appellant came to him and said they would divide the crop by his taking the first bale and Allison the second and so on, which was agreed to. Appellant claims he had never abandoned the bolls or his crop. The testimony does show that he had moved off the place, but had later returned to finish gathering his crop. The cotton with the theft of which he is charged was the joint property of appellant and Allison, and under the contract Allison could not divest him of his ownership and possession by having the same picked. It is true, these matters were to some extent the subject of dispute, but we think there was no such severance of appellant's relation to the cotton as tenant as would have made his possession of same unlawful or would have made his sale of same theft.

We deem it unnecessary to discuss the other matters as what we have said disposes of the case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*